```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - -x

AMY TAYLOR                         :  No. 3:10CV-15 (SRU)
                                   :
                                   :  915 Lafayette Boulevard
          vs.                      :  Bridgeport, Connecticut
                                   :
                                   :  September 16, 2010
CONSTITUTION LUBE INC., ET AL      :

- - - - - - - - - - - - - - - - -x

                      TELEPHONE CONFERENCE


B E F O R E:

    THE HONORABLE STEFAN R. UNDERHILL, U. S. D. J.

A P P E A R A N C E S:

   FOR THE PLAINTIFF:

        JEANETTE T. CHAMBERS, ESQ.
             179 Allyn Street, Suite 305
             Hartford, Connecticut  06103

   FOR THE DEFENDANTS:

        JACKSON LEWIS LLP
             90 State House Square, 8th FL
             Hartford, Connecticut  06103-3708
        BY:  BEVERLY W. GAROFALO, ESQ.

        CARMODY & TORRANCE LLP
             50 Leavenworth Street
             Post Office Box 1110
             Waterbury, Connecticut  06721-1110
        BY:  GIOVANNA T. WELLER, ESQ.
             SARAH HEALEY, ESQ.

                 Susan E. Catucci, RMR
                  Official Court Reporter
                  915 Lafayette Boulevard
               Bridgeport, Connecticut  06604
                    Tel: (917)703-0761
```

```
 1              (Whereupon the following session was held in
 2     chambers telephonically.)
 3                       (10:05 O'CLOCK, A. M.)
 4              THE COURT:  Good morning.  We're on the record.
 5     Why don't we start with appearances, please.
 6              MS. CHAMBERS:  Yes.  Attorney Jeanette Chambers
 7     for the plaintiffs.
 8              MS. GAROFALO:  And Beverly Garofalo from Jackson
 9     Lewis for Constitution Lube in both the Schumsky and
10     Taylor matters.
11              MS. WELLER:  Giovanna Weller for the defendant
12     Kurt Pederson in both the Schumsky and Taylor matters.
13     And with me is my colleague, Sarah S. Healey, also of
14     Carmody & Torrance.
15              THE COURT:  Okay, great.  And I wanted to have a
16     call because we have in each of these two cases a motion
17     for joinder; that is, each of these plaintiffs is moving
18     to join as a party plaintiff in the other case.
19              Let me just tell you what I think ought to
20     happen and then I can hear from anybody who wants to
21     suggest otherwise.
22              It's not my sense that either plaintiff truly
23     wants or needs to join in the other plaintiff's case.
24     Rather, my sense is that what is being sought here is that
25     there be consolidated discovery, and so it's my thought to
```

1  deny these motions to consolidate the two cases for
2  purposes of discovery without prejudice to any defendant's
3  right to move to sever the cases for purposes of trial.
4  That is, it's not at all clear to me at present that these
5  cases ought to be tried together.  It does appear that
6  there might be efficiencies gained by consolidating them
7  for purposes of discovery.
8  　　　　　So, let me hear from anybody who wants to
9  comment on what I've just said.
10 　　　　　MS. CHAMBERS:  I'm sorry, go ahead.
11 　　　　　MS. GAROFALO:  Well, I was just going to say on
12 behalf of Constitution Lube --
13 　　　　　THE COURT:  This is Ms. Garofalo?
14 　　　　　MS. GAROFALO:  Yes, I'm sorry.  Yes, it's
15 Attorney Garofalo on behalf of Constitution Lube.
16 　　　　　That wasn't something that we had previously
17 discussed doing.  I think my first inclination would be
18 not to agree that that is necessary because, again, I
19 think we really are talking about people that had two
20 very, very different roles in two very different, you
21 know, two entirely separate facilities.  And the nature of
22 what they are claiming, you know, while there are some
23 similarities, there's a lot of differences.  So I'm not
24 certain that it is going to gain tremendous efficiencies
25 to do it.

1             But, you know, I am certainly open and willing
2     to listen and maybe it's something that we can do more
3     informally in terms of agreeing that there are certain
4     depositions that could be used in both cases.
5             MS. WELLER:  Your Honor, Giovanna Weller on
6     behalf of Mr. Pederson.  I agree completely with what
7     Attorney Garofalo said.  Although we would certainly be
8     willing to consider any, you know, informal agreements to
9     consolidate discovery when appropriate, but I think they
10    are very different claims.  The plaintiffs are very
11    different, one's a manager, one is not.  With that, I
12    agree with what Attorney Garofalo has stated.
13            MS. CHAMBERS:  This is Attorney Chambers.  I
14    totally disagree.  I believe that these cases are very
15    similar.  As far as the -- we're talking about two women
16    who -- we're talking about a company that's probably
17    98 percent male.  The two women, as far as one being a
18    so-called, yes, she was a manager, the other not being a
19    manager, but as a practical matter their claims and what
20    they went through are strikingly similar.
21            The fact that it's two different facilities,
22    Constitution Lube had a number, I believe, at least ten to
23    twenty facilities all over Connecticut.  The alleged
24    perpetrator, the harasser, is the same person.
25            The -- what, the claims that are being alleged

1       are the same in every respect, except for the Taylor case
2       has a retaliation claim because she also has the
3       Connecticut Fair Employment Practices claims, but as a
4       practical matter those are the same sexual harassment
5       claims.  Otherwise we're talking about sexual harassment
6       and we're talking about battery and intentional infliction
7       of emotional distress.
8                 As far as discovery would be concerned, it would
9       be an immense assistance as far as resources to be able to
10      conduct the depositions, any depositions of the same cases
11      as far as the plaintiffs, from the plaintiff's
12      perspective, at the same time.
13                For example, we intend to depose Mr. Porcher who
14      is, my understanding he's an owner, he's out in
15      California.  Just even for purposes of him coming to
16      Connecticut for his deposition, it would make tremendous
17      sense and conserve tremendous resources I think for
18      everyone concerned to be able to depose him on both cases
19      at the same time for purposes of -- so, I believe for
20      purposes of consolidating discovery, it makes tremendous
21      sense for conserving resources on all fronts, and we have
22      no objection to defendants then being able to move to
23      sever for trial, but I believe for consolidating
24      discovery, we are in full agreement with that.
25                MS. GAROFALO:  Your Honor, this is again

1    Attorney Garofalo.

2            The fact that they are both alleging similar
3    allegations in terms of alleged conduct towards them is
4    really where it ends.  We've taken both of the plaintiffs'
5    depositions, or begun Ms. Taylor's deposition and begun
6    Ms. Schumsky's depositions and they have different
7    witnesses.  One is in an administrative role in a
8    corporate facility and one is a manager in a retail
9    facility.  They were not witnesses to each other's
10   situation, you know, alleged situations.

11           And, again, like if there were portions of Mr.
12   Porcher's deposition -- and I don't agree that he would
13   need to come to Connecticut for it, but Attorney Chambers
14   and I can talk about that off line -- if there are
15   portions that are going to be general generic background
16   that is relevant to both, then, by all means, we can agree
17   on that.  But when it comes to the specific allegations
18   regarding Ms. Schumsky and the specific allegations
19   regarding Ms. Taylor, there really are no efficiencies to
20   be gained and there's no reason why they can't be done
21   back to back so they are done on one trip.

22           THE COURT:  Well, there's no efficiencies from
23   the defense point of view taking discovery of the
24   plaintiffs, I understand that.  But there would seem to be
25   significant efficiencies of the plaintiffs taking

1   discovery from the defendants.  They are going to take a
2   30(b)6 deposition, for example, of the corporate
3   defendant, doing that once.  If they are going to take,
4   you know, Pederson's deposition, doing that once.  There
5   may be other overlaps of witnesses or certainly document
6   productions.  Give us your sexual harassment policy.  Why
7   should each plaintiff have to ask for that separately or
8   get an interrogatory answer separately when they can be
9   done at the same time?
10            I don't see any prejudice -- I guess that's
11  what's what I'm struggling with.  I don't see any
12  prejudice to any defendant from consolidating the cases
13  for purposes of discovery, so if I'm missing something,
14  let me know.
15            MS. WELLER:  Thank you.  It's Giovanna Weller.
16  Your Honor, I do see a prejudice to Mr. Pederson if the
17  discovery is combined.  For example, if he's asked a
18  very -- he could be asked a very general question.  I
19  don't know what the question is off the top of my head but
20  he could be asked a question, he could give an answer
21  where he's talking about one of the plaintiffs but then
22  during the trial, you know, it could be used against him
23  for the other plaintiff and then he has to say, no, I was
24  talking about this one because we consolidated the depos,
25  I didn't mean that one.  And if Your Honor doesn't join

1   the cases at trial, which we hope you do not, we're going
2   to be prejudiced because we're going to have to be
3   repeatedly telling the jury, oh, this is about the other
4   case or this is not about that case, and that's going to
5   be harmful to him.
6           THE COURT:  If he makes a general admission, if
7   you take separate depositions -- each plaintiff is
8   required to take a separate deposition of him, and he
9   makes a general admission, that's admissible against him
10  in a trial of either one.
11          MS. WELLER:  Sure, but I mean, for example, if
12  he's talking about one plaintiff at a combined deposition
13  and he's asked about it at the trial of the other one, and
14  he has to say, if -- I guess let me take off the word
15  "general."  If he's asked a question and he answers it as
16  to one plaintiff and at the trial it's used to try to
17  impeach him in the trial of the other plaintiff, he has to
18  be forced to say, no, I was talking about Ms. Schumsky or
19  I was talking about Ms. Taylor, and that's going to
20  prejudice him.  If he's at two separate depositions, then
21  the questions are clearly focused on one or the other.
22          THE COURT:  I can't imagine, I really can't
23  imagine that situation, especially when you have the
24  opportunity to object to a vague question.  He has the
25  opportunity to frame a specific answer.  You know, did you

1  touch Ms. Taylor? Yes, no, I don't remember. How can
2  that be used against, you know, how can that be suggested
3  that's Schumsky that he's talking about? If the question
4  is the plaintiff, you object. Which plaintiff?
5          MS. CHAMBERS: I think the logical and, you
6  know, opportunities for defense of the deposition would
7  encompass, at least as far as the defense attorneys are
8  concerned, to make sure the record is clear in every
9  respect, and that is whether the depositions, the
10 discovery is consolidated or not. That's just a pro forma
11 approach to defending a deposition. So I tend to not
12 agree that there is this potential, given the defense
13 attorneys' obligations to defend their client at a
14 deposition.
15         THE COURT: I think the issue's going to be
16 trial. You know, the argument has a fair amount of force
17 that the jury deciding Ms. Taylor's case should not hear
18 that there are allegations made by Ms. Schumsky and visa
19 versa, because that could be prejudicial. I understand
20 that. But we can accommodate that concern by severing the
21 cases for trial.
22         MS. GAROFALO: This is again Attorney Garofalo.
23 One thing -- I have concerns that, that no matter what we
24 do during the deposition that there could be vagueries in
25 it. All we can do is object to the form of the question

1   and Attorney Chambers can rephrase or not rephrase.  I
2   have a concern that it is actually going to make it longer
3   if we have to be continually making sure that every single
4   question is very clear, and I guess I'm just not -- you
5   know, to the extent that she has to ask a series of
6   questions concerning Ms. Taylor and a series of questions
7   concerning Ms. Schumsky, I'm just not really seeing how
8   much efficiency is gained by having it be consolidated as
9   opposed to, you know, having two separate depositions.
10          I don't think that there's a tremendous amount
11  of overlap between the two because Ms. Schumsky has her
12  own experiences that are completely distinct from
13  Ms. Taylor's experiences.  And, yes, there are some
14  general background information that might be relevant but
15  I don't think it's a lot of information.
16          I'm just really having -- I'm seeing the
17  potential prejudices to be greater than the efficiencies
18  that are going to be obtained, particularly with respect
19  to Mr. Pederson's deposition.  But, again, you know,
20  Attorney Weller represents Mr. Pederson.
21          THE COURT:  Okay.  Anything further?
22          MS. CHAMBERS:  Well, I just disagree with the
23  attorneys' characterization that these cases are so remote
24  from each other.  I just think it's just not a fair
25  statement of the situation, with all due respect.

1    MS. WELLER:  Your Honor, I have actually just a
2    question.  From what you had said when we started the
3    call, if I can understand where Your Honor was going with
4    the order, what I heard you say -- and this is Giovanna
5    Weller, I'm sorry.  What I heard you say is you were
6    thinking of denying the motion to join but consolidating
7    it for trial.
8    THE COURT:  No, consolidating for discovery.
9    MS. WELLER:  I'm sorry, yes, consolidating it
10   for discovery.  And I have to apologize, I'm actually in
11   Alabama at this moment.  Consolidating it for discovery.
12   But then did Your Honor say that then the plaintiff can
13   move to consolidate it -- can then move to consolidate it
14   for trial or would the defendants have to move to sever?
15   THE COURT:  Well, the defendants would have to
16   move to sever but you probably wouldn't even have to move.
17   I'm inclined to sever it for purposes of trial so there
18   would have to be a very good reason not to sever it, quite
19   frankly.  It's hard for me to imagine these cases being
20   tried together.
21   MS. WELLER:  Right.
22   MS. GAROFALO:  One other thing, Your Honor, I
23   would like to state, I believe, I mean I think the parties
24   are hopeful they are going to settle the cases, so
25   hopefully this issue will become moot, and part of me is

1  wondering you know in terms of the timing whether it's
2  possible to table this.  But the other thing I would
3  mention is I believe if we don't settle the cases and it's
4  reopened, there's only approximately one month of
5  discovery left in the Schumsky matter, and to the extent
6  that, you know, Attorney Chambers, you know, hasn't
7  conducted certain discovery in that case through the point
8  in time, I guess I'm also concerned about some prejudice
9  you know, from that vantage point.  We've already started
10 discovery.  We have already responded to Ms. Schumsky's
11 discovery request, written discovery request.  So, in
12 terms of written discovery, I don't see that there's going
13 to be that much efficiency because Ms. Taylor is going to
14 also have to propound her discovery.  But we are kind of
15 on different tracks.  For whatever reason, they were filed
16 at different times.  So I guess that's another point that
17 I wanted to be sure to raise.
18          MS. CHAMBERS:  If I could respond to that, it
19 would be about six weeks.  I believe it was around the
20 16th of August that the motions for stay were filed and
21 discovery in the Schumsky case was scheduled to, as far as
22 depositions of fact witnesses, I believe, on
23 September 30th so we're talking about six weeks which, you
24 know, while we're talking about one or two days for a
25 deposition, six weeks, you know, to characterize it as

1   we're as almost at the end is not a fair rendition of the
2   situation.
3               Also, as far as the written discovery that has
4   been responded to in the Schumsky case, with all due
5   respect, it is very deficient and at this point I just
6   question whether the plaintiff can even, the plaintiffs
7   can even approach a settlement conference unless we take
8   care of or at least resolve the, as a practical matter,
9   90 percent objections to everything that we've asked and
10  that's another issue.  I didn't want to get into it now
11  but since it was raised by defense counsel, I just want to
12  respond.
13              THE COURT:  Well, okay.  Let me state what I
14  think is widely known among the bar in this district,
15  which is I'm pretty flexible on extensions of time for
16  discovery and, you know, I've held these motions for
17  joinder for a fair amount of time so I'm not going to be
18  opposed to an extension of discovery deadlines if that
19  turns out to be necessary.
20              But I am going to go ahead and rule.  I'm going
21  to deny the motions for joinder in both of these cases,
22  having determined that the plaintiffs fail to meet their
23  standard of permissive joinder under Rule 20(a)(1).  And,
24  nonetheless, I'm going to consolidate the two cases for
25  purposes of discovery, with the understanding that the

1    cases are unlikely to be tried together because of the
2    potential prejudice of doing that.
3           I do think that there will be significant
4    efficiencies in, excuse me, consolidating these cases for
5    discovery.  Certainly the plaintiff's discovery of the
6    defendants I think will be streamlined and made much less
7    duplicative.  There won't be a need to ask the same
8    interrogatories and the same requests for production in
9    both cases.  There won't be a need to take the same
10   depositions, a number of the same depositions in the
11   cases, and instead the cases can proceed efficiently
12   together.  I don't believe that any defendant will suffer
13   any prejudice as a result.  This is a common practice.
14   And, therefore, I'm going to consolidate the cases for
15   that purpose.
16          I hope the parties are able to settle them.
17   That would be wonderful, but that doesn't affect the
18   decision whether or not to consolidate.
19          Does anybody want any further explanation of
20   that ruling?
21          MS. WELLER:  No, Your Honor.
22          MS. GAROFALO:  No, Your Honor.
23          MS. CHAMBERS:  No, Your Honor.
24          THE COURT:  Okay.  In terms of the discovery
25   problems, I urge you to meet and confer promptly so that

Case 3:10-cv-00015-SRU   Document 37   Filed 09/24/10   Page 15 of 16

15

```
 1    these matters can either be resolved or taken up by the
 2    court, and I would not be happy if discovery disputes are
 3    left hanging for a significant period of time and that has
 4    the effect of delaying the case.  So why don't you get
 5    together as soon as possible with a meet and confer on any
 6    discovery issues that are outstanding.
 7              MS. CHAMBERS:  Yes, Your Honor, from the
 8    plaintiff.
 9              THE COURT:  Anything else we can usefully take
10    up today?
11              MS. WELLER:  Not from Mr. Pederson's
12    perspective, Your Honor.
13              MS. GAROFALO:  More Constitution Lube.
14              MS. CHAMBERS:  Nor the plaintiff as far as this
15    discussion is concerned.
16              THE COURT:  Okay, very good.  Good luck to all
17    of you.
18              (Whereupon the above matter was adjourned at
19    10:25 o'clock, a. m.)
20
21
22
23
24
25
```

C E R T I F I C A T E

I, Susan E. Catucci, RMR, Official Court Reporter for the United States District Court for the District of Connecticut, do hereby certify that the foregoing pages are a true and accurate transcription of my shorthand notes taken in the aforementioned matter to the best of my skill and ability.

/S/ Susan E. Catucci
_____

Susan E. Catucci, RMR
Official Court Reporter
915 Lafayette Boulevard
Bridgeport, Connecticut  06604
Tel: (917) 703-0761